UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JUAN MANRIQUEZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:18-CV-00012 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant. | § | |

## **OPINION**

The Court now considers Wells Fargo Bank, N.A.'s ("Defendant") motion to dismiss.[1] After duly considering the record and relevant authorities, the Court **GRANTS** the motion and **DISMISSES** the case **WITH PREJUDICE**.

### I. BACKGROUND

This is one of two preemptive foreclosure lawsuits brought by Juan and Norma Manriquez ("Plaintiffs") to prevent Defendant from foreclosing on their real property. The first suit ("Manriquez I") was filed in state court in February 2016[2] and thereafter removed to this Court.[3] Plaintiffs in that case admitted to defaulting, but alleged that Defendant waived the right to foreclose and otherwise was estopped from foreclosing due to its acceptance of late payments and its abuse of the loan modification process.[4] The Court granted summary judgment in

---

[1] Dkt. No. 8.
[2] *See Juan Manriquez & Norma Manriquez v. Wells Fargo Bank, N.A.*, 7:16-cv-00126, Dkt. No. 1-3.
[3] *Wells Fargo Bank, N.A.*, 7:16-cv-00126, at Dkt. No. 1.
[4] *Wells Fargo Bank, N.A.*, 7:16-cv-00126, at Dkt. No. 1-3 pp. 3–5.

Defendant's favor,[5] dismissed Plaintiffs' claims with prejudice,[6] and issued a final judgment in March 2017.[7]

Plaintiffs subsequently filed the instant suit ("Manriquez II") against Defendant in state court in January 2018,[8] no doubt to further extend their rent-free possession of the real property in question. Manriquez II is premised upon the same note, deed of trust, and loan modification processes at issue in Manriquez I.[9] Plaintiffs specifically allege that although they failed to make timely mortgage payments, they "sought to modify the loan," and that "Defendant advised Plaintiffs not to make any payments on the note, but to keep trying to secure a modification."[10] Moreover, Plaintiffs allege that they were "never approved for a loan modification,"[11] and that "[d]ue to the advice of Defendant's agents, Plaintiff[s] did not make payments on the loan and the balance continued to rise until it was so much that Plaintiffs could not afford to pay the past due balance."[12] Foreclosure on Plaintiffs' property was scheduled for January 2, 2018,[13] triggering Plaintiffs' filing of Manriquez II in state court. The state court granted a temporary restraining order preventing foreclosure before the case was removed to federal court.[14]

Plaintiffs' legal claims in the instant suit are unclear. After alleging that Defendant's bad advice ultimately resulted in foreclosure, Plaintiffs cryptically state: "These actions . . . by Defendant . . . make a foreclosure wrongful under Texas law."[15] The Court can only infer that Plaintiffs are advancing a wrongful foreclosure claim. In any event, Plaintiffs clearly request a

---

[5] *Wells Fargo Bank, N.A.*, 7:16-cv-00126 at Dkt. No. 16.
[6] *Id*. at 13.
[7] *Wells Fargo Bank, N.A.*, 7:16-cv-00126, at Dkt. No. 17.
[8] Dkt. No. 1-5.
[9] *Id*. pp. 2–5.
[10] *Id*. ¶ 6.
[11] *Id*.
[12] *Id*.
[13] *Id*. ¶ 8.
[14] *See* Dkt. No. 1-6.
[15] Dkt. No. 1-5 ¶ 8.

restraining order and temporary injunction, preventing foreclosure.[16] Defendant filed the instant motion to dismiss,[17] and Plaintiffs never responded, but subsequently filed a motion for extension of time to respond.[18] The motion does not present excusable neglect, thus it is **DENIED**. Thus, Defendant's motion to dismiss is unopposed and ripe for review. The Court now turns to its analysis.

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[19] This does not require detailed factual allegations, but it does require "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[20] Courts first disregard from their analysis any conclusory allegations as not entitled to the assumption of truth,[21] but regard well-pled facts as true, viewing them in the light most favorable to the plaintiff.[22] Courts then undertake the "context-specific" task of determining whether the remaining well-pled allegations give rise to an entitlement to relief that is plausible, rather than merely possible or conceivable.[23]

## III.   ANALYSIS

In Texas, "[t]he purpose of a wrongful foreclosure action is to protect the [borrower] against those [foreclosure] sales where, through mistake, fraud, or unfairness, the sale results in an inequitably low price."[24] By its very nature, such a claim can only be brought *after* a

---

[16] Dkt. No. 1-5 p. 5.
[17] Dkt. No. 8.
[18] Dkt. No. 11.
[19] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007), *cert. denied*, 552 U.S. 1182 (2008) (internal quotations omitted).
[20] *Twombly*, 550 U.S. at 555.
[21] *See id.* at 678–79.
[22] *Id.*
[23] *See id*. at 679–80.
[24] *Anita Vallier, v. Nationstar Mortgage, LLC & Ovation Rentals, LLC*, 2018 WL 1319166, at *4 (S.D. Tex. Feb. 1, 2018) (citing *In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001).

foreclosure sale has occurred[25] and thus *after* the borrower has lost physical possession of the property in question.[26] Accordingly, the essential elements of a wrongful foreclosure claim in Texas are: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price."[27]

Here, Plaintiffs do not allege that there has been any foreclosure on the property at issue, or that they have been deprived of physical possession of the property. As a necessary consequence, they have also failed to plead any facts which might support the elements of a wrongful foreclosure action. Plaintiffs' claim thus fails on the merits.

Defendant also contends that Plaintiffs' wrongful foreclosure claim is barred by res judicata.[28] However, the Fifth Circuit is quite clear that res judicata is an affirmative defense that cannot be addressed at the Rule 12(b)(6) stage, and must only be dealt with at the summary judgment stage or at trial. [29] In light of this binding precedent, and since Plaintiffs' wrongful foreclosure claim is meritless, the Court has no occasion to analyze Defendant's res judicata argument.

---

[25] *See Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011); *Mortberg v. Litton Loan Servicing, LP*, 2011 WL 4431946, at *6 (E.D. Tex. Aug. 30, 2011); *Baker v. Countrywide Home Loans, Inc.*, 2009 WL 1810336, at *4 (N.D. Tex. June 24, 2009); *Marsh v. Wells Fargo Bank, NA*, 2011 WL 180031, at *5-6 (N.D. Tex. Jan. 19, 2011); *Peoples v. BAC Home Loans Servicing, LP*, 2011 WL 1107211, at *4 (N.D. Tex. Mar. 25, 2011).
[26] *See e.g.*, *Buchanan v. U.S. Bank N.A.*, 2013 WL 6890003, at *2 (S.D. Tex. Dec. 31, 2013); *Barcenas v. Fed. Home Loan Mortg. Corp.*, 2013 WL 286250, at *7 (S.D. Tex. Jan. 24, 2013); *Peoples v. BAC Home Loan Servicing, L.P.*, 2011 WL 1107211, *4 (N.D. Tex. Mar. 25, 2011); *Daryani v. Wells Fargo Bank, N.A.*, 2012 WL 3527924, *8 (S.D. Tex. Aug. 13, 2012); *Lucas v. Ocwen Home Loan Servicing*, 2013 WL 6620856, at *17 (N.D. Tex. Dec. 16, 2013).
[27] *Gomez v. Wells Fargo Bank, N.A.*, 2017 WL 1650200, at *3 (S.D. Tex. May 1, 2017) (citing *Foster v. Deutsche Bank Nat'l Trust Co.*, 848 F.3d 403, 406 (5th Cir. 2017)).
[28] *See* Dkt. No. 8 pp. 4–6.
[29] *See e.g., Am. Realty Tr., Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. Appx. 662, 664 n.1 (5th Cir. 2004) ("Res judicata is an affirmative defense that should not be raised as part of a 12(b)(6) motion, but should instead be addressed at summary judgment or at trial.") (citing *Moch v. East Baton Rouge Parish School Bd.*, 548 F.2d 594, 596 n. 3 (5th Cir. 1977)); *Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 521 n.8 (5th Cir. 2016).

Finally, Plaintiffs' requests for injunctive relief are not independent causes of action, but rather, are dependent upon the merits of the underlying wrongful foreclosure claim.[30] Because Plaintiffs' wrongful foreclosure claim is meritless, so are their requests for injunctive relief. Accordingly, these requests are **DISMISSED WITH PREJUDICE**.

IV. HOLDING

Defendant's motion to dismiss is **GRANTED**, and Plaintiffs' wrongful foreclosure claim against Defendant is **DISMISSED WITH PREJUDICE**. Pursuant to Rule 58, a final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 19th day of March, 2018.

_____
Micaela Alvarez
United States District Judge

---

[30] *See Torres-Aponte v. JP Morgan Chase Bank, N.A.*, 639 Fed. Appx. 272, 274 (5th Cir. 2016); *Massey v. EMC Mortg. Corp.*, 546 Fed. Appx. 477, 483 n. 8 (5th Cir. 2013).